INSULAR RACING COMMISSION OF PUERTO RICO, ETC., Petitioner, v. DISTRICT COURT OF BAYAMÓN, Respondent.

No. 1010. Argued February 25, 1935.—Decided March 26, 1935.

Diego O. Marrero for petitioner. A. Lastra Chárriez and J. Valldejuli for intervener.

MR. JUSTICE ALDREY delivered the opinion of the court.

In this case, at the instance of the Insular Racing Commission of Puerto Rico, we issued a writ of certiorari directed to the District Court of Bayamón, it being alleged that said court, acting without jurisdiction, had taken cognizance of an appeal by Félix Alvarez from a decision of said Racing Commission, excluding the racing mare "Judex" from the race tracks of the island for one year.

The jury of Quintana Racing Park decided to impose a suspension for one year upon the mare "Judex." Félix Alvarez, who is the owner of that animal, sought a review of that decision before the Insular Racing Commission of Puerto Rico, which after certain proceedings were had, con-

firmed the decision complained of. From that decision of said commission, Félix Alvarez appealed to the District Court of Bayamón. Thereupon the commission filed in said court a motion to dismiss the appeal on the ground of want of jurisdiction to entertain the same. Before that motion was decided, Alvarez petitioned the court to suspend the punishment imposed on the mare Judex until the pending appeal should be decided. The district court granted that petition, upon the furnishing of a bond. The commission then moved the court to set aside that ruling, but the district court denied this motion and also the motion of the commission to dismiss the appeal taken to said court, on the ground that the latter lacked jurisdiction to decide it. The court determined that it had jurisdiction, and the commission later moved it to reconsider that decision, but as its motion was denied it instituted this certiorari proceeding.

In an affidavit made by Félix Alvarez before the Racing Commission, in the instant case, he stated that he was the owner of the mare Judex, that he has a racing stable, and that he owns eight horses.

■■ The only question to be determined in this appeal is whether the Racing Commission's decision confirming the penalty imposed on the mare Judex is appealable to the district court, since if it is not, said court lacked jurisdiction to entertain the appeal and hence to decree the suspension of the decision appealed from.

Section 13 of the Racing Act of Puerto Rico in force, or Act No. 11 of 1932 (Session Laws, p. 194 *et seq*), provides that before a horse can be run on the race tracks of this island, it must be registered in a studbook to be kept by the Racing Commission and its owner must obtain a license to race it. That act also provides as follows:

"Section 18.—The jury shall see to the enforcement, on racing days, of the law and of the regulations of the Insular Racing Commission in regard to the operation of the races. The decisions of the jury shall be final and unappealable except in those cases where

the penalty imposed is more than three months' suspension or a hundred-dollar fine, in which cases appeals may be taken before the Insular Racing Commission which shall be obliged to decide said appeals within an unextendable term of ten (10) days; and its decisions shall be final and unappealable, except as provided in Section 7 of this Act. . . . ''

''Section 7.—The Insular Racing Commission may, for just cause and after hearing the parties and giving them an opportunity to defend themselves, suspend temporarily, or cancel, the license of any race track, horse owner, jockey, trainer, or stableman; *Provided,* That any resolution of the Insular Racing Commission cancelling any of said licenses shall be appealable to the district court of the place where the appellant resides. The appeal shall not suspend the effects of the resolution appealed from unless the district court before which the appeal is filed, issues, after the giving of bond, a writ of supersedeas. . . . ''

In accordance with the above provisions, and since the jury of the Quintana Racing Park excluded the mare Judex from the race tracks, as a penalty, for more than three months' suspension, her owner, Félix Alvarez, could and did appeal from that decision to the Racing Commission, the ruling of the latter in such case being final and unappealable, unless it involved the cancellation of the license of any race track, horse owner, jockey, trainer, or stableman.

The decision of the Insular Racing Commission from which an appeal was taken to the District Court of Bayamón, excluded the mare Judex from the race tracks of this island for a certain period of time; but even if this amounted to a suspension of her owner's license to race her, it would always be a temporary suspension of such license and not a cancellation thereof, which would finally preclude him from racing said mare. The suspension of a right is less than the cancellation thereof, since by the former the right is rendered ineffective for a certain time, while cancellation finally wipes out and destroys such right. The decision of the Racing Commission suspends the license of Félix Alvarez for a certain length of time as far as the mare Judex is concerned, but it does not cancel it forever. He can race

the other horses he has, and, when the year's suspension is over, the mare Judex also. In the case of *Arana* v. *Insular Racing Commission*, 35 P.R.R. 661, the exclusion of a race horse was decreed by the Insular Racing Commission, and also its elimination from the studbook, while in the instant case there is no such exclusion or elimination, but only a temporary suspension, for which reason the statement we then made, to the effect that the expulsion of a horse or the elimination of its name from the studbook is a cancellation to that extent of the owner's license, is not applicable to the case we are now deciding. Nor does the case of *Torres* v. *Archilla,* 36 P.R.R. 692, apply, as that case refers to a divorce on the ground that the defendant husband had been sentenced to five years' imprisonment in the penitentiary, since, apart from the fact that in it acknowledgment is made of the difference between a temporary suspension and the loss of civil rights, the conclusion was reached that, for the purpose of a divorce on that ground, the law made no distinction between temporary or permanent loss of civil rights. Here no cancellation of an owner's license is involved and hence no appeal lies to the district court from the decision of the Racing Commission, as the law authorizes such appeal only in cases of the cancellation of his license to race his horse. Consequently, the District Court of Bayamón lacked jurisdiction to entertain the appeal in question or to decree the stay of the decision appealed from, for which reason all the proceedings had in the District Court of Bayamón in said appeal must be set aside.